```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA          *

       vs.                      *    CRIMINAL NO. MJG-99-0274

HAROLD LLOYD QUEEN                *

\*    \*    \*    \*    \*    \*    \*    \*    \*

<u>MEMORANDUM AND ORDER</u>

    The Court has before it the Petition for Relief Under Plain Error Pursuant to Federal Rules of Criminal Procedures [sic] Rule 52(b) [ECF No. 411], the Government's Motion to Dismiss Petitioner's Motion to Vacate Pursuant To 28 U.S.C. § 2255 [ECF No. 413] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

    On June 9, 2000, Petitioner Harold Queen pleaded guilty to one count of conspiring to distribute cocaine and heroin in violation of 21 U.S.C. § 846 [ECF 396], and conspiracy that lasted from 1995 to 1999. Petitioner was found to be a "Career Offender" by Judge Legg and was sentenced to a 262 month term of incarceration [ECF No. 218]. Petitioner has filed two motions under 28 U.S.C. § 2255 [ECF Nos. 266 and 281] that have both been denied.

    Petitioner's instant motion is a successive Section 2255 motion, even if it is labelled as brought "pursuant to Federal Rules of Criminal Procedures [sic] Rule 52(b)." Petitioner asserts that his constitutional rights were violated by the sentencing

court's "plain error" in classifying him as a "Career Offender" based upon conduct that was relevant to the offense of conviction. He includes allegations relating to the alleged ineffectiveness of his attorney. Pet. at 3-4, ECF No. 411.

Petitioner has not obtained the requisite certification by the appellate court under 28 U.S.C. § 2255(h) that the motion contains "newly discovered evidence" that, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense" or that it makes claims relying on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."); In re Vassell, 751 F.3d 267, 268 (4th Cir. 2014) ("While a federal inmate may file one § 2255 motion to 'vacate, set aside or correct [his] sentence' after his judgment of conviction has become final . . . he must obtain authorization from 'a panel of the appropriate court of appeals' before presenting '[a] second or successive motion'"). Therefore, this court must deny Petitioner's motion.

For the foregoing reasons:

1. The Government's Motion to Dismiss Petitioner's Motion to Vacate Pursuant To 28 U.S.C. § 2255 [ECF No. 413] is GRANTED.

2. The Petition for Relief Under Plain Error Pursuant to Federal Rules of Criminal Procedures [sic] Rule 52(b) [ECF No. 411] is DENIED.

3. This action is without prejudice to the Petitioner's right to seek necessary certification from the United States Court of Appeals for the Fourth Circuit.

SO ORDERED, this Monday, February 05, 2018.

/s/
Marvin J. Garbis
United States District Judge